George **HARLOW**, Al Anderson, Mike Schleindle, Mark Trenary, William Cote, Jack Shelton, Kenneth Getschman, Chet Ward and Albert L. McGuigan, Plaintiffs,

v.

**BUD LAKE TRUCK AND CAR STOP, INC., a Corporation, Defendant.**

**Civ. No. 1269.**

United States District Court
D. Montana,
Missoula Division.

Nov. 2, 1966.

Lee A. Jordan, Missoula, Mont., for plaintiffs.

Worden, Worden, Thane & Robb, Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

In the fiscal years 1963 and 1964 plaintiffs were employees of the defendant corporation which operated a truck stop in Montana. They bring this action to recover overtime pay and the penalties provided under the Fair Labor Standards Act.[1] Plaintiffs pumped gas and diesel fuel, changed and repaired tires, changed oil, sold and installed truck and auto parts and accessories, rented bunks in which truck drivers slept, kept the sleeping quarters clean, awakened the drivers and performed the other duties usually performed by attendants in service stations and truck stops. The defendant did a gross volume of $494,367.98 in fiscal 1963 and $556,902.99 in fiscal 1964. It sold by volume almost as much diesel fuel as gasoline in both years and did an extensive business with trucks, many of which were engaged in interstate commerce. Fifty percent of the sales of goods and services were in Montana, and seventy-five percent of the sales were retail sales. These facts appear from answers to requests for admissions, answers to interrogatories, and the stipulations of the parties.

Defendant has moved for a summary judgment on the ground that its employees are not covered by the Fair Labor Standards Act.

The question is not so much whether defendant is exempt from the overtime provisions of the act as which provision of the statute exempts it.[2] Defendant is exempt under Section 213(a) (2) of the Act as a "retail or service establishment" unless it is a "gasoline service establishment." Under Section 213(a) (2) a retail service station establishment is exempt if fifty percent of its goods or services are sold within the state and seventy-five percent of the dollar volume of sales are retail unless such establishment is an enterprise described in Section 203(s).[3] Looking to 203(s) the defendant did not do a gross volume of one million dollars in either of the years involved, and therefore was not within subdivisions (1) and (3). Defendant was not in the transportation business within subdivision (2), nor in the construction or reconstruction business within subdivision (4). Defendant is described in 203(s), if at all, only in subdivision (5) and then only if a truck stop is a gasoline service establishment. The legislative history[4] indicates that the words "gasoline service establishment" and "gasoline service station" as used in the 1961 amendment are synonymous. It follows then that if a truck stop is not a retail service estab-

---

1. Title 29 U.S.C.A. §§ 201–219.

2. Section 213(a) exempts the employers of certain employees from the Minimum Wage Child Labor and overtime provisions of the Act, while Section 213(b) exempts the employer of certain employees from the overtime provisions of the Act only.

3. Subdivisions ii, iii and iv of 213(a) (2) are not involved unless the enterprise is described in Section 203(s).

4. Senate Report 145, 87th Cong. First Session, page 32, 29 CFR, § 779, 257, U.S. Code Cong. & Admin.News 1961, p. 1620.

lishment because it is a gasoline service establishment within 203(s) (5), then it is a gasoline service station within 213 (b) (8) and is exempt from the overtime provisions. The question still remains, is the defendant exempt from all of the provisions of the Fair Labor Standards Act under Section 213(a) (2) or only the overtime provisions under Section 213 (b) (8).

It was the apparent purpose of Congress, in the 1961 amendments, to extend protection of the Minimum Wage and Child Labor provisions of the Fair Labor Standards Act to the employees of gasoline service stations doing a gross volume of more than $250,000.00, but not to extend the overtime provisions to them. Although the Department of Labor in some of its bulletins has indicated that gasoline is different from diesel fuel and that a truck stop selling large quantities of diesel fuel is not a gasoline service station within the act, Congress itself has not expressly made that distinction, and the Court does not believe that such was its intention. From the standpoint of the employee, it does not matter whether he pumps gasoline into an automobile from Ohio or diesel fuel into a truck from Ohio. A distinction based upon the difference between diesel fuel and gasoline would seem to be somewhat arbitrary since trucks traveling in interstate commerce are powered by both fuels. The work of the truck stop employee is perhaps more closely related to interstate commerce than the work of an ordinary service station employee and a congressional purpose might be found to extend the protection of the Fair Labor Standards Act to truck stop employees and not to ordinary service station attendants. Had this been the purpose of Congress, then by excluding a truck stop from the term "gasoline service establishment" the truck stop employee whose employer does not do a volume of at least a million dollars a year is deprived of all Fair Labor Standards protections while the ordinary service station attendant may get (if his employer does a gross of $250,000.00) the minimum wage and child labor protections. For these reasons it is held that defendant's business is a gasoline service station under Section 213(b) (8).

The defendant's motion for summary judgment is granted.